1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SHEILA A.G. ARMBRUST (CABN 265998)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6961
7      FAX: (415) 436-7234
       sheila.armbrust@usdoj.gov
8
   Attorneys for United States of America
9

FILED

May 13 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO.** 3:21-mj-70783-TSH |
| Plaintiff, | **[PROPOSED]** DETENTION ORDER |
| v. | |
| DANIEL MANCILLA CHAVEZ , | |
| Defendant. | |

On May 6, 2021, the United States Attorney's Office for the Northern District of California filed a Notice of Proceedings on Out-of-District Criminal Charges Pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure ("Rule 5") alleging that Daniel Mancilla Chavez had been charged in a Petition pending in the Eastern District of California, 07-cr-0441, with violating the terms of his supervised release.

This matter came before the Court on May 13, 2021, for identity and detention hearings. The defendant was present by videoconference and represented by Sophia Whiting. Assistant United States Attorney Sheila A.G. Armbrust appeared for the government. Defendant waived his right to an identity hearing. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the defendant has failed to prove by clear and convincing evidence that any condition of release or combination of conditions will reasonably assure his appearance as required. *See* Fed. R. Crim. Proc. 32.1(a)(6). Accordingly, the defendant must be detained pending his transfer to the Eastern District of California.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: Defendant was previously convicted of conspiracy to manufacture, distribute, and possess with intent to distribute marijuana, and one of the conditions of his supervised release was that he not re-enter the United States without permission of the Court or the Director of Homeland Security. Following completion of his sentence in May 2010, he was deported. The supervised release condition that defendant is now alleged to have violated is the prohibition on re-entry into the United States. While the Court is not concerned that the defendant will flee from his current residence given his family ties here, it does appear that he simply ignored the condition of release that he not re-enter the United States, and he is facing potential jail time in the Eastern District of California for this violation, which could lead to another deportation. Under the circumstances, the Court lacks confidence that the defendant will appear there as required. This finding is made without prejudice to the defendant's right to seek review of defendant's detention in the Eastern District of California, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.      The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal pending his transfer to the Eastern District of California;

2.      The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

     IT IS SO ORDERED.


DATED:     5/13/2021

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge